UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| KATHERYN SWENSON | CIVIL ACTION NO. 17-0417 |
| --- | --- |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

In the underlying action, Plaintiff seeks to recover life insurance benefits from United of Omaha Life Insurance Company ("United"). Plaintiff's late husband, Donald Swenson ("Swenson") was employed by Eldorado Casino Shreveport Joint Venture ("Eldorado") and allegedly participated in Eldorado's ERISA-governed life insurance plan administered by United. United has brought a third-party complaint against Eldorado, which Eldorado has moved to dismiss. [Record Documents 18 at 29–32 and 23]. Because the facts alleged do not entitle United to indemnity, Eldorado's motion is **GRANTED** as to United's indemnity claim. However, because United has alleged that Eldorado negligently represented Swenson's eligiblity for coverage, the motion is **DENIED** as to United's claim for defense costs.

## I. Background

The Court has amply discussed the factual and procedural background in its prior rulings in this matter. *See Swenson v. Eldorado Casino Shreveport Joint Venture (Swenson I)*, No. 15-CV-2042, 2017 WL 1334307 (W.D. La. Apr. 7, 2017), *aff'd sub nom. Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809 (5th Cir. 2017); *Swenson I*, No. 15-CV-2042, 2016 WL 6106483 (W.D. La. Oct. 19,

1

2016); [Record Document 35 in No. 15-CV-2042]. After Swenson's death, United denied Plaintiff's life insurance claim, asserting that Swenson was ineligible and that United received no premiums for his coverage. [Record Document 1-2 at 1].[1] After Plaintiff sued United and Eldorado,[2] the Court dismissed her state-law and equitable claims with prejudice and dismissed her claim for benefits under 29 U.S.C. § 1132(a)(1)(B) without prejudice for failure to exhaust her administrative remedies. *Swenson I*, 2017 WL 1334307, at *4–5, *7. While an appeal was pending, Plaintiff settled with Eldorado. [Record Document 23-1 at 9]. The Fifth Circuit then affirmed this Court's dismissal of Plaintiff's state-law and equitable claims. *Swenson I*, 876 F.3d 809.

Following her unsuccessful appeal, Plaintiff brought the present action. [Record Document 11]. In its answer, United named Eldorado as a third-party defendant, alleging that Eldorado knew that Swenson was ineligible for life insurance coverage because he was not actively working and failed to share this information with United when submitting premiums on Swenson's behalf. [Record Document 18 at 31]. On the basis of Eldorado's alleged duty to "inform [United] who was and was not eligible" for benefits, United seeks indemnification if "United . . . is held liable to the plaintiff for any sums whatsoever because of Eldorado's breach of fiduciary duty to Donald Swenson." [*Id.* at 32]. United has also alleged that "Eldorado is liable to United . . . for all defense costs incurred in connection with this matter by United . . . because,

---

[1] United now alleges that it did receive premiums from Eldorado on Swenson's behalf. [Record Document 18 at 31].

[2] Plaintiff also sued Lincoln National Life Insurance Company ("Lincoln"), Eldorado's insurance carrier prior to Eldorado's contract with United, but as Lincoln is not a party to the instant motion, this ruling will not address Lincoln's involvement.

if Eldorado had informed United that Donald Swenson was never eligible for coverage under this policy, United would not be facing these claims and demands . . . ." [*Id.*]. Eldorado responded with the instant motion, which denies any legal basis for indemnity as well as any duty to inform United of employees' eligibility for benefits. [Record Document 23]. The parties have filed an opposition, a reply, and a surreply. [Record Documents 27, 28, 33].

## II. Law and Analysis

### A. Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In determining whether a complaint states plausible claim, the court must construe the complaint in the light most favorable to the plaintiff, *see In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all well-pleaded factual allegations, *see Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Sols, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## B. Indemnity Resulting from Eldorado's Alleged Fiduciary Duty to United

United has alleged that Eldorado "breached its fiduciary duties to [United]" by failing to inform United that Swenson was not actively working and was ineligible for coverage and by submitting premiums on his behalf. [Record Documents 18 at 30–32 and 27 at 15].[3] United asserts that if Eldorado had not breached this alleged duty by submitting an application for a person that Eldorado knew was ineligible for coverage, United would not have been sued; United therefore concludes that Eldorado is liable for United's defense costs and any sums for which United is held liable to Plaintiff. [Record Documents 18 at 31–32 and 27 at 15–17]. Eldorado argues that under ERISA an employer has no fiduciary duty to an insurer and that because United, not Eldorado, makes eligibility determinations, Eldorado had no duty prior to a claim being made to inform United whether Swenson was actively working. [Record Document 23-1 at 12–14]. As the plan administrator, [Record Document 1-2 at 72], Eldorado has a fiduciary duty to Swenson, *see* 29 U.S.C. § 1002(14)(A), (21)(A) (2012); *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 645 (5th Cir. 1992). Because a "plan fiduciary's responsibilities run only to participants and beneficiaries," *Boggs v. Boggs*, 520 U.S. 833, 850 (1997) (citing 29 U.S.C. § 1104(a)(1) (2012)), and because United is neither a participant nor a beneficiary, Eldorado does not have a fiduciary duty to United. Therefore, United cannot claim indemnity on the basis of this alleged duty.

---

[3] Although United only alleged that Eldorado breached a "duty," [Record Document 18 at 32], United's opposition to the motion to dismiss clarifies that this duty was fiduciary, [Record Document 27 at 15]. The Court will therefore treat this allegation as one for a breach of fiduciary duty.

## C. Indemnity Resulting from Eldorado's Fiduciary Duty to Swenson

United has alleged that Eldorado breached its fiduciary duty to Swenson by accepting an enrollment form from him and paying premiums on his behalf and for that reason must indemnify United if United is held liable to Plaintiff. [Record Document 18 at 30–32]. Eldorado argues that there is no right of indemnity under ERISA. [Record Document 23-1 at 11–14].

In their respective roles as plan administrator and claims administrator, [Record Document 1-2 at 65, 72], both Eldorado and United owed Swenson fiduciary duties, *see* 29 U.S.C. § 1002(14)(A), (21)(A); *Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 925 (5th Cir. 2008); *Wildbur*, 974 F.2d at 645. Under the common law of trusts from which ERISA derives, two co-fiduciaries, both of whom have participated in a breach of trust, may obtain contribution or indemnity. *See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 570 (1985); Restatement (Third) of Trusts § 102(1) & cmt. b(2) (2012). The Seventh and Second Circuits have held that ERISA co-fiduciaries have a right to indemnity or contribution,[4] while the Eighth and Ninth Circuits deny ERISA co-fiduciaries these remedies. *Compare Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016) *and Chemung Canal Trust Co. v. Sovran Bank/Md.*, 939 F.2d 12 (2d Cir. 1991) *with Travelers Cas. & Sur. Co. of Am. v. IADA Servs., Inc.*, 497 F.3d 862 (8th Cir.

---

[4] Although indemnity and contribution are distinct equitable mechanisms, *see Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1130 (5th Cir. 1995), courts in the ERISA context have treated the differences as non-dispositive, *see, e.g., In re Enron Corp. Secs., Derivative, & "ERISA" Litig.*, 228 F.R.D. 541, 546–52 (S.D. Tex. 2005) (discussing contribution and indemnity without analyzing their differences); *Meoli v. Am. Med. Servs. of San Diego*, 35 F. Supp. 2d 761, 762 n.2 (S.D. Cal. 1999) (citing *Atari Corp. v. Ernst & Whinney*, 981 F.2d 1025, 1032 (9th Cir. 1992)) (noting that the "difference between indemnity and contribution may be more theoretical than real").

2007) *and Kim v. Fujikawa*, 871 F.2d 1427 (9th Cir. 1989). District courts in the Fifth Circuit are split. *Compare Maher v. Strachan Shipping Co.*, 817 F. Supp. 43 (E.D. La. 1993) (finding indemnity and contribution rights) *with In re Enron Corp. Secs., Derivative, & "ERISA" Litig.*, 228 F.R.D. 541 (S.D. Tex. 2005) (holding that ERISA does not provide for indemnity or contribution rights) *and Schloegel v. Boswell*, 766 F. Supp. 563 (S.D. Miss. 1991) (same). Rather than resolve this dispute, the Court will assume, for purposes of this motion, that United has a right of indemnity against its co-fiduciary, Eldorado.

At its heart, Plaintiff's claim is that United improperly denied benefits due under Swenson's life insurance policy. ERISA authorizes a plaintiff to "recover benefits due to him under the terms of his plan," 29 U.S.C. § 1132(a)(1)(B), as well as "other appropriate equitable relief," *id.* § 1132(a)(3)(B). Both this Court and the Fifth Circuit have determined that Plaintiff has no cause of action for a breach of fiduciary duty and that her recovery is limited to her claim under § 1132(a)(1)(B). *Swenson I*, 876 F.3d at 812; *Swenson I*, 2017 WL 1334307, at *6–7. When an insurer "exercises control over a plan's benefits claims process . . . and exerts that control to deny a claim by incorrectly interpreting a plan in a way that amounts to an abuse of discretion," the insurer is liable to the claimant. *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013) (citing *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011)). Because this liability arises from the terms of the insurance policy and benefits under the policy will be paid by United (the insurer) and not Eldorado (the employer), [Record Document 1-2 at 64], only United is potentially liable to Plaintiff under § 1132(a)(1)(B).

Indemnity is available only where an "indemnitee . . . extinguish[ed] the liability <u>of the</u>

indemnitor," while contribution may be sought only if the parties are "liable for the same harm." Restatement (Third) of Torts: Apportionment Liab. §§ 22 cmt. b, 23 (2000); *see also In re Enron*, 228 F.R.D. at 559 (noting that the right of contribution was "[d]eveloped as a procedural mechanism to apportion damages fairly based on relative fault among tortfeasors with joint and several liability"). Because Eldorado is not liable to Plaintiff for benefits under § 1132(a)(1)(B), United has no right of indemnity or contribution.

### D. Liability Resulting from Eldorado's Alleged Negligence to United

United has alleged that Eldorado had a duty to inform United that Swenson was not actively working and thus was ineligible for coverage. [Record Document 11 at 32]. The Court interprets this allegation as one of negligence. In Louisiana, negligence is analyzed under the duty-risk analysis:

> (1) was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred; (2) did the defendant owe a duty to the plaintiff; (3) was the duty breached; and (4) was the risk, and harm caused, within the scope of protection afforded by the duty breached?

*Maw Enters., L.L.C. v. City of Marksville*, 2014-0090, p. 16 n.9 (La. 9/3/14); 149 So. 3d 210, 220 n.9 (citing *Mathieu v. Imperial Toy Corp.*, 94-0952, p. 4 (La. 11/30/94); 646 So. 2d 318, 321–22)).

By alleging that it would not have incurred defense costs "if Eldorado had informed United that . . . Swenson was never eligible for coverage," United has adequately alleged that Eldorado's conduct was a substantial factor in a monetary harm. [Record Document 18 at 32]. United has alleged Eldorado's duty by claiming that Eldorado had a duty to "inform [United] who was and was not eligible." [*Id.*]. The breach prong is sufficiently alleged by United's claim

that Eldorado did not inform United that Swenson was ineligible for coverage. [*Id.*]. Finally, if Eldorado had the alleged duty, then the risk of a lawsuit resulting from claims submitted by employees known by Eldorado to have been ineligible may be "within the scope of protection afforded by the duty breached." *Maw Enters.*, 2014-0090, p. 16 n.9; 149 So. 3d at 221 n.9 (citing *Mathieu*, 94-0952, p. 4; 646 So. 2d at 321–22). Therefore, the Court finds that United has adequately stated a claim in negligence against Eldorado.

### E. Effect of Plaintiff's Settlement with Eldorado

While *Swenson I* was on appeal, Plaintiff settled with Eldorado. [Record Document 23-1 at 9]. United demands to view the settlement agreement and argues that the settlement extinguished Plaintiff's claim for benefits. [Record Documents 27 at 6, 12 and 33 at 2–3]. United's demand to view the settlement is a premature discovery request. Because resolving whether the settlement extinguished United's liability to Plaintiff is irrelevant to Eldorado's motion to dismiss <ins>United's</ins> third-party complaint, the Court will consider this argument in its ruling on United's pending motion to dismiss Plaintiff's claims. [Record Document 34].

## III. Conclusion

In light of the foregoing, Eldorado's Motion to Dismiss [Record Document 13] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to United's indemnity claim, but **DENIED** as to its negligence claim to recover defense costs.

**IT IS ORDERED** that United's claim for indemnity is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that United's request to view the settlement agreement

between Plaintiff and Eldorado is **DENIED AS PREMATURE**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16th day of MAY, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE